UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA LOPEZ,<br><br>          **Plaintiff,**<br><br>          v.<br><br>GENEVIEVE SHIROMA, an individual; CATHRYN RIVERA-HERNANDEZ, an individual; J. ANTONIO BARBOSA, an individual; SILAS SHAWVER, an individual; and DOES 1-20,<br><br>          **Defendants.** | **1:14-CV-00236-LJO-GSA**<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO ENFORCE STAY AND MOTION TO STRIKE (DOC. 30) AND PLAINTIFF'S MOTION TO APPOINT SPECIAL MASTER (DOC. 23).** |

## I. PROCEDURAL BACKGROUND

On August 6, 2014, Parties in the above-captioned case agreed by stipulation to stay proceedings before this Court, pending the outcome of Defendants' appeal of this Court's decision, Doc. No. 20, denying Defendants absolute immunity. Doc. No. 22. On August 19, Plaintiff moved this Court to appoint an expert special master to take possession of ballots from the contested union election that is the subject of her lawsuit ("Plaintiff's Motion"). Doc. No. 24.[1] On August 22, Defendants filed their notice of appeal. Doc. No. 28. Shortly thereafter, Defendants filed a motion to enforce the stipulated stay

---

[1] As the Court will explain in greater detail below, it reads Plaintiff's Motion as a request injunctive relief.

1

and strike Plaintiff's Motion for Special Master from the record. ("Motion to Enforce Stay"). Doc. No. 30. Defendants simultaneously filed an Ex Parte Application to Shorten Time ("Application"), Doc. No. 31, requesting that this Court shorten the briefing schedule on their Motion to Enforce Stay, so that a ruling might be delivered prior to briefing deadlines for Plaintiff's Motion. This Court granted Defendant's request to shorten time to brief the Motion to Stay and suspended briefing on the Motion for Special Master pending resolution of Defendants' Motion. Doc. No. 36. Plaintiff filed her opposition to Defendants' Motion to Stay on September 12, 2014. Doc. No. 38.

## II. DISCUSSION

Defendants argue that a stay should be enforced because an Order to Stay is in place, their notice of appeal divested this Court of jurisdiction, and the exceptions based on frivolous appeals do not apply. Defs.' Mem. at 4-5. Plaintiff counters that the Order to Stay should be read narrowly and does not apply to its motion for special master, and that she will be highly prejudiced by a broad reading of the Order. Opposition at 2-3. Plaintiff acknowledges that she is not currently asking this Court to certify that Defendants' appeal is frivolous. *Id.* at 5.

### A. Whether this Court Retains Jurisdiction Over Any Part of This Case

Defendants correctly point out that a district court's order denying summary judgment of an immunity defense is immediately appealable when the question involves a matter of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). At this time, no one disputes that the immunity decision on appeal involves a question of law. When an "interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir.1992). However, the rule of exclusive appellate jurisdiction "is a creature of judicial prudence" and is "not absolute." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983). Accordingly, the filing of an interlocutory appeal "does not divest the trial court of jurisdiction over aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n. 5 (9th Cir. 2002) (citing *Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982)).

Defendants cite to *Pearson c. Callahan*, 555 U.S. 223, 231 (2009) for the premise that "official

immunity is an immunity from suit rather than a mere defense to liability." This is misleading because the holding in *Pearson* was limited to suits for civil <u>damages</u>. *Id.* ("The doctrine of qualified immunity protects government officials from liability for civil damages . . ."); *see also Forsyth*, 472 U.S. at 525 ("[T]he essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action."); and *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989) ("In each of these suits for civil damages under 42 U.S.C. § 1983, the individual defendants raised a claim of qualified immunity as a matter of law."). Contrary to Defendants' implication, it is well established that official immunity is *not* a bar to injunctive or declaratory relief. *Pulliam v. Allen*, 466 U.S. 522, 541 (1984); *see also Supreme Court of Virginia v. Consumers Union of U.S., Inc.* 446 U.S. 719, 737 (1980) ("If prosecutors and law enforcement personnel cannot be proceeded against for declaratory relief, putative plaintiffs would have to await the institution of state-court proceedings against them in order to assert their federal constitutional claims. This is not the way the law has developed . . .").

Combining these lines of case law, courts in this district have maintained jurisdiction over claims for injunctive relief while defendants' immunity appeals were pending before the Ninth Circuit, so long as the issues raised were not "inextricably intertwined" in such a way that the circuit court would have "pendent" appellate jurisdiction. *Rouser v. White*, CIV S-93-0767 LKK GGH P., 2009 WL 4884264, at *5 (E.D. Cal. Dec. 10, 2009) (quoting *Kwai Fun Wong v. U.S.*, 373 F.3d 952, 960 (9th Cir.2004)); *Beecham v. City of West Sacramento*, CIV S-07-1115 JAM EFB, 2008 WL 4821655, *1 (E.D. Cal. Nov. 4, 2008). "Two issues are 'inextricably intertwined' if they are (a) [ ] so intertwined that we must decide the pendent issue in order to review the claims properly raised on interlocutory appeal, or (b) resolution of the issue properly raised on interlocutory appeal necessarily resolves the pendent issue." *Kwai Fun Wong*, 373 F.3d at 960.

At this early stage in the appellate process, neither side has filed appellate briefs and the appellate issues are not entirely apparent. However, Defendants represent that their appeal is limited to this Court's denial of official immunity. Defs.' Mem. at 2; Defendant's Reply, Doc. No. 41, at 6 ("Defendants' appeal involves no factual findings. The Court's order focused on Defendants' claim of

absolute immunity."). As discussed in this Court's July 24 order, whether an official is entitled to absolute immunity turns on factors related to whether Defendants' activities were fundamentally judicial or prosecutorial in nature. *Buckwalter v. Nevada Bd. Of Med. Examiners*, 678 F.3d 737, 740 (9th Cir. 2012), as amended (June 8, 2012). These issues are unlikely to be related to the merits of the case or the issue of whether injunctive relief is warranted[2]. Thus, this Court retains jurisdiction over these aspects of the case.

**B.     Effect of the Order to Stay Proceedings**

The Federal Rules of Civil Procedure provide that an attorney's signature on a "pleading, written motion, and other paper" presented to federal court certifies that the document's legal contentions "are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Here, Counsel for Plaintiff signed a "paper" presented to Magistrate Judge Gary S. Austin that stated he stipulated and agreed that "the proceedings before this Court, including Plaintiff's deadline to file any amended complaint and defendants' deadline to file any anti-SLAPP motion should be stayed pending the appeal." Doc. No. 22 at ¶ 7. This statement was repeated a second time in the two-and-a-half page paper under the heading "STIPULATION." *Id.* at ¶ 10 (stating that parties "hereby stipulate and agree" that "the proceedings before this Court, including Plaintiff's deadline to file any amended complaint and Defendant's deadline to file any anti-SLAPP motion are hereby stayed pending any appeal of the Order." Thus, Counsel for Plaintiff endorsed the position that "proceedings before this Court" should be stayed. Magistrate Judge Austin adopted the stipulation by order of the court on August 7, 2014.

Now, counsel for Plaintiff claims that "it was not my intent to stop all potential activity on the underlying claim or halt Plaintiff from seeking relief from the United States District Court . . ." Declaration of Paul J. Bauer (hereinafter "Bauer Declaration"), Doc. No. 39 at ¶3; *see also* Opposition, Doc. No. 38 at 2-3. Rather, he claims, "[m]y intent in staying the filing of the amended complaint and

---

[2] This assessment is valid as of the date of this Order. As the appellate process unfolds, issues may emerge that alter this analysis.

4

joint scheduling conference was merely to avoid issues that may be impacted from the appeal." *Id.* Plaintiff argues that "none of the recitals in the Stipulation address staying the *entire* case pending the results of the yet-to-be-filed appeal." Opposition at 3 (emphasis added). This argument is disingenuous given that (a) the appeal was noticed well before Plaintiff submitted her Opposition and (b) the stipulation does more than push back deadlines for the papers it mentions; it also vacates the scheduling conference and all meet and confer requirements, which in turn postpones discovery. Thus, the practical effect is that the stay order imposes a significant roadblock to further proceedings. Additionally, at the time the parties entered into their stipulation, there were no pending motions before this Court. Given this context, it is unclear how the stipulation can be read as intending to allow the case to proceed in any manner. Tellingly, Plaintiff doesn't argue that she intended for the case to proceed as normal. Rather, she argues that she intended for this Court to maintain jurisdiction when a "legitimate dispute arose that the Court's intervention was needed, such as a Motion to Appoint a Special Master." Bauer Declaration at ¶ 3. The plain language of the stay agreement does not support this assertion. For these reasons, the Court GRANTS Defendants' Motion and finds that Plaintiff's motion for a special master is subject to the stipulated stay. This conclusion is without prejudice to a properly supported motion to lift the Order for Stay. The current motions before the Court do not provide an adequate factual or legal basis to grant such relief at this time.

**C.     Whether this Court Should Strike Plaintiff's Motion**

Defendants argue that Plaintiff's Motion for a Special Master should be struck from the record because it (a) violates the stay order and (b) does not request relief available under Rule 53. In light of the above conclusion that Plaintiff's motion is subject to the stipulated stay, Plaintiff's motion for appointment of a special master and Defendants' motion to strike Plaintiff's motion are DENIED WITHOUT PREJUDICE to their renewal upon termination or lifting of the stay.

In the interest of judicial and party efficiency, however, the Court observes that Federal Rule of Civil Procedure 53 allows a Court to appoint a special master to

>     (A) perform duties consented to by the parties;

5

        (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
                (i) some exceptional condition; or
                (ii) the need to perform an accounting or resolve a difficult computation of damages; or
        (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. Pro. 53(a)(1).

      The Court has serious doubts as to whether a Special Master is warranted under subpart (C) to "take possession of the decertification ballots to ensure they remain secure," as Plaintiff suggests. Plaintiff's Motion at 6. Plaintiff does not explain how taking possession of the ballots - ordering the seizure of the State's property - is a typical pretrial matter which this Court would ordinarily handle itself. Plaintiff also claims that the special master is needed to "count the decertification ballots and report the result of the count to the Court." *Id.* She argues that her request is "in the interest of justice, as well as the interest of judicial economy to determine the result of the election." *Id.* Essentially, Plaintiff asks this Court to dispense with the formalities of litigation and award her the relief she requests. Plaintiff misunderstands the role of this Court. This Court may award Plaintiff relief she requests only in the context of final judgment or preliminary injunctive relief. The proper vehicle for seeking the relief requested prior to entry of final judgment on the merits is a motion for preliminary injunction or temporary restraining order pursuant to Rule 65.[3]

## CONCLUSION AND ORDER

      For the reasons discussed above:

---

[3] Plaintiff cites to several cases as examples where special masters were appointed to oversee contested elections. Plaintiff's Motion at 6. These cases are irrelevant, however, because the issue before the Court is not whether it has the authority to appoint a special master; or even whether such an appointment might be helpful. The issue before the Court is whether Plaintiff has shown that this relief she requested is appropriate at this stage in the litigation. None of the cases cited by Plaintiff address this issue. *N. L. R. B. v. Crown Laundry & Dry Cleaners, Inc.*, 437 F.2d 290, 292 (5th Cir. 1971) (special master appointed to investigate alleged violation of court's order); *Rosebud Sioux Tribe of S. Dakota v. Driving Hawk*, 407 F. Supp. 1191, 1197 (D.S.D. 1976) aff'd, 534 F.2d 98 (8th Cir. 1976) (court ordered special master after it found that evidence showed "conclusively" that underlying proceedings were prejudicially predetermined); *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, 448 F. Supp. 2d 876, 880 (S.D. Ohio 2006) (court ordered evidence preserved; no special master appointed); *Scolaro v. D.C. Bd. of Elections & Ethics*, 691 A.2d 77, 91 (D.C. 1997) (court of appeals appointed trial court to act as "special master" and conduct evidentiary hearings and find facts where court of appeals had jurisdiction to review disputed election).

Defendants' Motion to Enforce Stay is GRANTED;

Defendants' Motion to Strike Plaintiff's Motion for Appointment of Expert Special Master is DENIED WITHOUT PREJUDICE; and

Plaintiff's Motion for Appointment of Expert Special Master is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:  **September 22, 2014**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE